IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OFFICIALS, et al.,<br><br>　　　　Defendants. | Case No. 06-cv-1834 OWW TAG<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE<br>(Doc. 5)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(Doc. 1) |

　　　　Plaintiff Gregory E. Williams ("plaintiff") is incarcerated and seeks leave to proceed in forma pauperis ("IFP") in his pro se civil rights complaint, filed pursuant to 42 U.S.C. § 1983. (Doc. 5). The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-303.

　　　　In his complaint, plaintiff contends that Defendant State Officials and Government Officials (collectively "the defendants"), and the Department of the Interior (the "Dept"), which is not a named defendant, refused to provide him the rights and benefits to which he is entitled as a Native American. (Doc. 1, p. 3). Plaintiff further asserts that requests he made to the Dept under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522, were denied. (Id.). It appears that plaintiff alleges that the above-referenced matters subjected the defendants to liability for depriving him of his rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. (Id.). Plaintiff's request for relief includes information under the FOIA, benefits due him based on his heritage, attorney fees and costs, and equitable and other relief to which he is entitled. (Id., p. 4).

　　　　Pursuant to 28 U.S.C. §§ 1915A(b) and (e)(2)(B), this Court must "screen" a prisoner's complaint to determine whether the case should be dismissed because, among other things, it "is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b).

Federal Rule of Civil Procedure 8(a) provides:

> A pleading which sets for a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed.R.Civ.P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support his claims. Id. Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405-406 (6th Cir. 1998); Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).

To state a viable claim under 42 U.S.C. § 1983, the complaint must set forth facts from which it can be inferred that the defendants, acting under color of state law, deprived plaintiff of rights secured him by the Constitution or federal statutes. 42 U.S.C. § 1983; Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's complaint does not allege any particular actions that the unspecific defendants took that could constitute a violation of his constitutional or federal rights. (Doc. 1).  The only allegation in plaintiff's complaint is that an unnamed defendant – the Dept – failed to comply with his FOIA requests and that his rights as a Native American were violated, although it is not clear by whom.  (Id.).  Even if the Dept were a named defendant, plaintiff fails to allege that it was acting under color of state law. (Id.).

Based on the foregoing, the Court finds that, because plaintiff's complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, plaintiff's "Application to Proceed Without Payment of Fees" (Doc. 5) must be denied without prejudice,  and plaintiff's complaint (Doc. 1) must be dismissed with leave to amend. Plaintiff, however, is provided an opportunity to file an amended complaint, in which he can explain how the actions complained of have resulted in a deprivation of his

2

constitutional rights under color of state law and at which time the Court will reconsider his IFP application.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the underlying facts must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's application to proceed without payment of fees, (Doc. 5), is DENIED without prejudice;

2. Plaintiff's complaint, (Doc. 1), is DISMISSED, with leave to amend, for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

3. The Clerk's Office is DIRECTED to send plaintiff a civil rights complaint form; and

4. Plaintiff is ORDERED to file an amended complaint within thirty (30) days from the date of service of this order.

**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order. Local Rule 11-110.**

IT IS SO ORDERED.

Dated:  **May 7, 2007**                                  /s/ **Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE

3