# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY E. WILLIAMS, | Case No. 06-cv-1834 OWW TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER |
| vs. | (Doc. 6) |
| STATE OFFICIALS, et al., | |
| Defendants. | |

On December 1, 2006, Plaintiff Gregory E. Williams ("Plaintiff"), a prisoner proceeding pro se, filed a 42 .S.C. § 1983 civil rights complaint, (Doc. 1), and, on May 1, 2007, he filed a motion to proceed in forma pauperis. (Doc. 5). On May 7, 2007, the undersigned issued an order to dismiss the complaint in its entirety because it did not contain allegations from which the Defendants could infer that they had taken actions, or neglected to act, thereby depriving Plaintiff of rights secured to him under the Constitution or federal statutes, in violation of Federal Rule of Civil Procedure 8(a). (Doc. 6). This Court further found that Plaintiff's complaint failed to state a claim upon which relief could be based, as required pursuant to 28 U.S.C. § 1915A. (Id.). The Court, however, granted Plaintiff an opportunity to amend the complaint, within thirty (30) days from the date of service of that order, to cure the deficiencies of the complaint as outlined by the Court's May 7, 2007, order. Plaintiff was specifically warned that his failure to cure the deficiencies would result in a recommendation that this action be dismissed. (Id.). Plaintiff has yet to file an amended complaint and, thus, failed to comply with this Court's order. (See generally docket).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the Defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9 Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of May 7, 2007, expressly stated: "**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action and/or the defendants named therein for failure to obey this Court's order. Local Rule 11-110.**" (Doc. 6) (emphasis in original). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

///

///

1  Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without
2  prejudice, for Plaintiff's failure to comply with the Court's May 7, 2007, order.  These Findings and
3  Recommendations are submitted to the United States District Judge assigned to the case pursuant to
4  the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the
5  United States District Court, Eastern District of California.  Within fifteen (15) days after being
6  served with this report and recommendations, Plaintiff may file written objections with the Court.
7  Such a document should be captioned "Objections to Magistrate Judge's Report and
8  Recommendations."  The District Judge will then review the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified
10 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
11 Cir. 1991).

13 IT IS SO ORDERED.

14 Dated: **August 14, 2007**                              **/s/ Theresa A. Goldner**
                                                    UNITED STATES MAGISTRATE JUDGE